UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

2014 NOV 21  A 10: 12

US DISTRICT COURT
HARTFORD CT

RUEL RAPHAEL
_____,
Plaintiff,

v. DCF / Connecticut Juvenile Training School
_____,
Defendant(s).

Case No. 3:14CV1746 (VLB)
(To be supplied by the Court)

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1. Plaintiff resides at the following location: 98 Englewood Ave Bloomfield, CT 06002

2. Defendant(s) reside(s) at the following location [Attach additional sheets if more space is required]: DCF 505 Hudson St Hartford CT, Connecticut Juvenile Training School Middletown, CT

3. This action is brought pursuant to [Check all spaces that apply to the type of claim(s) you wish to assert against the Defendant(s)]:

[X] Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e-5(f). Equitable and other relief is sought under 42 U.S.C. § 2000e-5(g) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

[ ] Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq., for employment discrimination based upon age. Jurisdiction is alleged pursuant to 28 U.S.C. §§ 1331, 1337, and/or 1343. Equitable and other relief is sought under 29 U.S.C. §§ 626(b) and (c) or §§ 633a(b) and (c).

My Year of Birth is: _____.

☐ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq., for employment discrimination on the basis of a disability against an employer which constitutes a program or activity receiving Federal financial assistance. Jurisdiction is asserted under 28 U.S.C. §§ 1331, 1337 and/or 1343. Equitable and other relief is sought under 29 U.S.C. § 794a.

☐ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq., for employment discrimination on the basis of a disability against a private employer. Jurisdiction is specifically conferred on this Court by 42 U.S.C.§ 2000e-5(f). See 42 U.S.C. § 12117(a). Equitable and other relief is sought pursuant to 42 U.S.C. § 2000e-5(g). Id.

4. List **all** cases you have filed in this court in the last ten (10) years. Use additional sheets if necessary:

NONE

5. The acts complained of in this suit concern [Check all spaces that are applicable to your claim(s)]:

(A) ☐ Failure to hire me. I was refused a job on the following date(s): ____

(B) ☒ Termination of my employment. I was terminated from my employment on the following date: 10-5-2012

(C) ☐ Failure to promote me. I was refused a promotion on the following date(s): ____

2

(D)  [X]  Other acts as specified below: Computer policy, attendance, retaliation, violation of Article 4 and Article 10 in union handbook, performance appraisal discrimination, employee discrimination from employer

6. The conduct of the Defendant(s) was discriminatory because it was based upon:
race [ ] color [X] religion [ ], sex [ ], age [ ], national origin [ ] or disability [ ]. [Please check all applicable bases for your claim of discrimination and explain further, if necessary]: White and hispanic co-worker were treated different regarding attendance and computer policy.

7. The facts surrounding my claim of employment discrimination are as follows [Attach additional sheets, if necessary]: see additional sheets
I have evidence on disc from DCF legal dept that shows white and hispanic employees violated computer policy. I have evidence attendence/appraisals of white and hispanic employees that attendance was worse than mine, but got better performance rating

8. The approximate number of persons who are employed by the Defendant employer I am suing is: 400-500 at Connecticut Juvenile Training School.

9. The alleged discrimination occurred on or about the following date(s) or time period: 2010 - 2012.

10. I filed charges with the:

☒ Equal Employment Opportunity Commission

☒ Connecticut Commission on Human Rights and Opportunities

11. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter **(copy attached)**, which I received on or about the following date: 10-5-2014

[**NOTE:** If you filed charges with the EEOC or the CHRO, you **MUST** attach a copy of the Notice of Right to Sue letter for this Court to consider your claim(s). Failure to do so may result in delaying consideration of your claim(s).]

12. The EEOC or the CHRO determined that there was no probable cause to believe that discrimination occurred. My reasons for questioning that determination are as follows [Attach additional sheets, if necessary]: _____

_____

_____

_____

13. If relief is not granted, I will be irreparably denied rights secured under the law(s) referred to in Item Number 3, above.

14. WHEREFORE, Plaintiff(s) pray(s) that: The Court grant such relief as may be deemed appropriate, including [**NOTE:** While all of the forms of relief listed below may not be available in a particular action, you should place a check next to each form of relief you seek.]:

☐ Injunctive orders (specify the type of injunctive relief sought): _____

_____;

☒ Backpay;

4

☒ Reinstatement to my former position;

☒ Monetary damages (specify the type(s) of monetary damages sought): __
$250,000.00 humiliation, depression, emotional distress ;

☐ Other (specify the nature of any additional relief sought, not otherwise provided for on this form): _____

_____;

AND costs and attorneys' fees.

**JURY DEMAND**

I hereby   DO ☒   DO NOT ☐ demand a trial by jury.

_____    _Ruel Raphael_____
Original signature of attorney (if any)    **Plaintiff's Original Signature**

_____    RUEL RAPHAEL
Printed Name and address                Printed Name and address
                                        98 Englewood Ave
                                        Bloomfield, CT 06002
                                        860-436-1866
( )                                     ( )
Attorney's telephone                    Plaintiff's telephone

                                        ruelraphael@gmail.com
_____    _____
Email address if available              Email address if available

Dated: 11-17-2014

5

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at <u>450 Martin Street Hartford, CT</u> on <u>11-21-2014</u>.
      (location)                                    (date)

_____
**Plaintiff's Original Signature**

(Rev. 9/24/08)

## The facts surrounding my claim of employment discrimination are as follows;  Ruel Raphael vs DCF/CJTS

DCF/Connecticut Juvenile Training School CJTS - violated Article 4 and Article 10 of the AFSCME Clerical Local 318 Handbook.  Article 4 (Non-Discrimination and Affirmative Action) and Article 10 (Service Ratings)  2010 - 2011

Retaliation -  DCF/Connecticut Juvenile Training School CJTS – On 11-15-2011 I Ruel Raphael filed a grievance in regards to my 2010 – 2012 performance appraisal. Then 3 days later on 11-18-2011 DCF/CJTS filed a Labor Relation Administrative Investigation accusing me of alleged violation of computer policy. This was retaliation for me filing grievance.

Computer Policy states that non work related emails and non-work related websites are a violation of policy. I collected evidence of several white and hispanic co-workers that violated the computer policy, and DCF/CJTS never filed a Labor Relation Administrative Investigation accusing them of violation of computer policy. I have all of the co- workers violations on thumb drive and disc.

This was all obtained through the Freedom of Information ACT. It shows the discrimination.

I have time sheets that the principle at CJTS John Materra (White Male) altered my timesheets without my knowledge. John Materra changed my time cards on several occasions, after I signed it and he signed it. He went back and completed another time card without my knowledge, and put where my signature is suppose to go that I was "unavailable for signature" He did all of this without my knowledge or telling me. He tampered and altered my timecards. I have the time cards to prove this from which I obtained through the Freedom of Information ACT.

DCF/CJTS put me under a stipulated agreement for ULU days (days that I was out of work). DCF/CJTS put dates on the stipulated agreement that I was not at work. I have have proof that I was actually at work on some of those dates. I have time cards which I obtained through the Freedom of Information ACT that proves this.

I have evidence of attendance and appraisals of White and Hispanic employees that attendance not in compliance with the attendance policy and worse than

mine. I have copies of these co-workers attendance. Example: On my 2011 – 2012 performance appraisal it stated that I had 11 absences for 60.5 hours and I received a FAIR for my attendance. That same year a Hispanic co-worker whom had the same position as me had 18 occasions for a total of 184 hours and he received an excellent for his attendance. I have all of the attendances and performance rating, which I obtained through the Freedom of Information ACT. It shows the discrimination.

I received a written reprimand for attendance and was placed on medical certification in July of 2010. Because of prior warning for my attendance. The same day I received this, a White female teacher received a written reprimand for prior warning for her attendance. Her and I had the missed the same amount of days and hours, she was not put on medical certification like I was. I have all of her written reprimands and attendance through the Freedom of Information ACT. It shows the discrimination. Too add, my appraisal for 2010 was in August of 2010 two months after I received the written reprimand, and was placed on medical certification. I received a GOOD

for my attendance that year.. So why was I never taken off medical certification, or placed on medical certification in the first place if I got a GOOD for attendance that year? I should have never been placed on medical certification, just like the white female teacher was not placed on medical certification.

I received a Neglect of Duty for alleged violation of computer system, 30 day suspension without pay, and an unsatisfactory rating on my 2011 – 2012 performance appraisal for Neglect of Duty. A White male co-worker received a Neglect of Duty for Child Abuse and slapping a Black child on the job. This White co-worker did not get suspended, and did not get an unsatisfactory rating. I have all documentation for the White co-worker proving that he was not suspended or received an unsatisfactory rating through the Freedom of Information ACT.

I have the attendances for several White employees that violated the attendance policy. They averaged over 20 – 25 occasions per year.

My 2011 – 2012 performance appraisal was not done by my direct supervisor. Four of my other co-workers 2011 – 2012 appraisal was done by our immediate supervisor.

My appraisal for 2011 – 2012 was done by people that were not my direct supervisor. I have all documents to show that my appraisal was done separately, I was discriminated. I have all of the documents through the Freedom of Information ACT.

I have evidence on disc from the DCF legal department that shows White and Hispanic employees violated the computer policy, and was not given an unsatisfactory rating, Neglect of Duty, and suspended for 30 days like I was. This is discrimination.

I have documentation / evidence on attendance / performance appraisals of White and Hispanic employees that attendance was worse than mine, but they got better performance ratings than I did. This is discrimination

EEOC Form 161 (11/09)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Ruel Raphael<br>98 Englewood Avenue<br>Bloomfield, CT 06002 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2013-00765 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X]  Other (*briefly state*)       **Charging Party is pursuing claim in another forum.**

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Feng K. An,
Area Office Director

OCT 0 1 2014
(Date Mailed)

Enclosures(s)

cc:  STATE OF CONNECTICUT DEPARTMENT OF
CHILDREN & FAMILIES
1225 Silver Street
Middletown, CT 06457