UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUEL RAPHAEL, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 3:14-CV-1746 (VLB) |
| STATE OF CONNECTICUT DEPARTMENT : | |
| OF CHILDREN AND FAMILIES, : | September 22, 2016 |
| : | |
| Defendant. : | |

MEMORANDUM OF DECISION DENYING
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 37]

I. Introduction

The Plaintiff, Ruel Rafael, brought this action alleging employment discrimination on the basis of race under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.  Currently pending before the Court is Defendant's Motion to Dismiss, which Defendant brought pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b).  For the reasons that follow, Defendant's Motion to Dismiss is DENIED.

II. Background

In its December 1, 2015 motion, Defendant stated that it served interrogatories and requests for production on Plaintiff in September 2015, and that despite repeated attempts to contact him, Defendant had received no response.  [Dkt. No. 37, Def. Mot. to Dismiss, at 2.]  Defendant also argued that Plaintiff was aware his discovery responses were overdue, because he filed a

1

motion seeking an extension of time to serve responses. [Dkt. 37 No., Def. Mot. to Dismiss, at 2-3 (citing Dkt. No. 33, Pl. Mot. for Extension of Time).] As of December 2, 2015, Defendant claimed it had not received the outstanding discovery, including responses to interrogatories and requests for production, a damages analysis, or expert designations. [Dkt. No. 37, Def. Mot. to Dismiss, at 3.]

In his response to Defendant's Motion to Dismiss, Plaintiff stated that "all Interrogatories and Request[s] for Production [were] sent certified mail to the attention of Carletha Texidor on December 4, 2015." [Dkt. No. 38, Pl. Response to Mot. to Dismiss.] Plaintiff also pointed out that he had previously produced documents to the Defendant in May and July 2015.[1] *Id.*

Defendant filed a reply in which it acknowledged receiving a package from Plaintiff, which included "several documents and a compact disc (CD)." [Dkt. No. 39, Def. Reply, at 3]. Defendant argued that these materials were "insufficient and incomplete" in that Plaintiff failed to provide (1) a written response to Defendant's interrogatory requests; (2) responses to several requests for production, and (3) "a signed authorization for the release of his employment records from his current employer." *Id.*

III.  **Analysis**

Pursuant to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), a party responding to interrogatories and requests for production must serve its

---

[1] Plaintiff also filed a sur-reply attaching a certified mail receipt dated December 4, 2016. [Dkt. No. 40.]

responses and any objections within "30 days after being served." To the extent an interrogatory is not objected to, it must "be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). If a party objects to an interrogatory, this objection must be "stated with specificity" for each objected-to interrogatory. Fed. R. Civ. P. 33(b)(4). Similarly, when responding to requests for production, a party is required to (1) respond in writing to each request (either that it will produce copies or permit inspection of a requested document), or (2) "state with specificity the grounds for objecting to the request." Fed. R. Civ. P. 33(b)(2)(B). While Plaintiff has offered evidence that he sent *something* to the Defendant on December 4, 2015, [*see* Dkt. No. 40, Plaintiff's Sur-Reply], he has offered no evidence to rebut Defendant's assertion that he provided: (1) no written interrogatory responses; and (2) no responses to ten requests for production.

Federal Rule of Civil Procedure 37(b) grants the Court discretion to impose sanctions on a party for failing "to obey an order to provide or permit discovery." As an initial matter, the Court notes that Defendant failed to seek such an order prior to seeking the sanction of dismissal. Consequently, no "order to provide or permit discovery" exists in this case. Granting Defendant's motion pursuant to Rule 37(b) would therefore be inappropriate. *See Salahuddin v. Harris*, 782 F.2d 1127, 1131 (2d Cir. 1986) ("The plain language of Rule 37(b) requires that a court order be in effect before sanctions are imposed and we have clearly held that dismissal under this subdivision is improper in the absence of an order." (quotation omitted)).

Rule 41(b) permits dismissal "if the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order."  The Court has broad discretion to determine whether dismissal is an appropriate sanction.  *See Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir. 1996) ("The selection of the appropriate sanction, including dismissal . . . is a matter consigned to the discretion of the district court.").  Although Plaintiff's responses to Defendant's discovery requests appear to have been inadequate, "dismissal is 'a harsh remedy to be utilized only in extreme situations,'" *Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. 1995) (quoting *Harding v. Fed. Reserve Bank of N.Y.*, 707 F.2d 46, 50 (2d Cir. 1983)).  "District courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Factors relevant to the question of whether dismissal is an appropriate remedy include:  (1) "the duration of the plaintiff's failures"; (2) "whether the plaintiff had received notice that further delays would result in dismissal"; (3) "whether the defendant is likely to be prejudiced by further delay"; (4) "whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard"; and (5) "whether the judge has adequately assessed the efficacy of lesser sanctions." *Dodson,* 86 F.3d at 40.  None of these factors is dispositive, *id.,* and most counsel against dismissal in this case.  For example, while Defendant appears to have contacted Plaintiff numerous times stating that his discovery responses were insufficient, Defendant sought no assistance from the Court prior to filing this motion.  Plaintiff therefore lacked any formal notice

from the Court that his failure to adequately respond to discovery requests could result in dismissal.  Further, because Defendant now seeks no remedy other than dismissal, it has not given the Court occasion to determine whether lesser sanctions would be efficacious.  Dismissal at this stage would also be in tension with the Court's strong interest in resolving disputes on the merits.  *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001) (citing *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F. 3d 57, 61 (2d Cir. 1996)) ("This Court has held that strong public policy favors resolving disputes on the merits." (quotations omitted)).

    In order to assure that the Plaintiff has had a fair opportunity to comprehend and comply with his duties to prosecute this case, the Court hereby refers the discovery dispute to Magistrate Judge Richardson for the purpose of conducting a discovery conference to resolve the discovery disputes.  Defense counsel is asked to contact Judge Richardson's chambers via telephone conference with the Plaintiff on the telephone line within fourteen (14) days of the date of this order to schedule a date for the conference.  Plaintiff is hereby ordered to cooperate with counsel for the Defendant to arrange the conference call and schedule the discovery conference at the earliest possible date.  Both parties will need to have their calendars at the time of the conference call.

    Although the Court declines to dismiss this case, it is cognizant, and the Plaintiff is hereby notified, that an inability to obtain discovery may limit the facts and arguments available to Defendant on summary judgment.  As the Court reviews Defendant's Motion for Summary Judgment [Dkt. No. 43], it will take this

into consideration, and may in its discretion draw factual inferences against Plaintiff or exclude facts that were not produced during discovery. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 n.8 (1991) ("The court generally may act *sua sponte* in imposing sanctions under the Rules.")

IV. <u>Conclusion</u>

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED.

                         IT IS SO ORDERED

                         _____/s/_____

                         Hon. Vanessa L. Bryant

                         United States District Judge

Dated at Hartford, Connecticut:  September 22, 2016